UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LEO J. SISTI, ) | |
|     Plaintiff, ) | |
| ) | No. 21 CV 50282 |
| v. ) | Judge Iain D. Johnston |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
|     Defendant. ) | |

## ORDER

    Before the Court is the government's objection to the Report and Recommendation of Magistrate Judge Schneider that this case be remanded based on the ALJ's failure to adequately account for plaintiff Leo Sisti's limitations in concentrating, persisting, and maintaining pace when finding him ineligible for disability benefits. The objection is fully briefed. For the reasons that follow, the government's objection [26] is overruled, the Court accepts Judge Schneider's Report and Recommendation [24], the plaintiff's motion for summary judgment is granted and the government's is denied, the decision of the ALJ is reversed, and the case is remanded for proceedings consistent with this opinion.

    The Court recounts only those portions of the record and the Report and Recommendation relevant to the government's objection. Mr. Sisti applied for both disability benefits as well as supplemental security income. After a hearing, ALJ Lana Johnson issued a written decision concluding that Mr. Sisti's date last insured was March 31, 2018, that he was not disabled through that date and so ineligible for disability benefits, but that he became disabled beginning on October 25, 2019, (the day before his 55th birthday) and so was eligible for only supplemental security income from that date. The Appeals Council denied his request for review and so the ALJ's decision stands as the final decision of the Commissioner.

    Mr. Sisti then filed suit and sought summary judgment raising five arguments, only one of which is relevant to the objection: the ALJ's residual functional capacity assessment failed to explain how limiting Mr. Sisti to simple work accommodated his moderate limitations in concentrating, persisting, and maintaining pace. Judge Schneider agreed, recommended the case be remanded on that basis, and so did not address Mr. Sisti's remaining four arguments.

    The government objects to Judge Schneider's recommendation. According to its objection, this case is controlled by a case Judge Schneider distinguished, *Pavlicek v. Saul*, 994 F.3d 777 (7th Cir. 2021). In *Pavlicek*, an ALJ concluded that a claimant had moderate limitations in concentration, persistence, and pace, but found that he retained the residual functional capacity to perform medium work "limited to understanding, remembering and carrying out simple instructions and routine, repetitive tasks; that he only make simple work-related decisions in an environment without fast-paced production requirements and with few or no changes in work

duties; and that he be limited to only occasional, brief, and superficial interaction with the public and coworkers, and only occasional interaction with supervisors." *Id.* at 781. The government contends that, same as in *Pavlicek*, the ALJ here reasonably relied on state agency consultants' assessment of the claimant's residual functional capacity when concluding that limiting him to simple tasks would accommodate his moderate limitations in maintaining concentration, persistence, and pace.

But in *Pavlicek*, the ALJ had passed on to the vocational expert the restrictions that the agency consultants reported would accommodate the claimant's limitations, including "no complex tasks or decisions, no fast-paced production requirements, limited interaction with others, and limited reasoning ability." *Pavlicek*, 994 F.3d at 781. In contrast, the hypothetical the ALJ presented to the vocational expert in this case did not include all of the agency consultants' restrictions, and asked the ALJ to assume only that the hypothetical individual was limited to "simple, routine instructions, use judgment related to simple work-related decision, and have occasional interaction with supervisors, coworkers and the general public." AR [11-1] at 76 (transcript of ALJ hearing). Thus, the agency consultants' opinions that "mental symptoms and pain/fatigue would occasionally interfere with his ability for sustained concentration, persistence or for task completion" and that "his transient cognitive dysfunction . . . would occasionally interfere with his adaptability in a routine work setting" were never passed on to the vocational expert. Although the agency consultants believed that even with those limitations "the claimant would be able to complete tasks at an acceptable pace," again none of this was presented to the vocational expert. The Court cannot conclude that the failure to include the additional information in the hypothetical to the vocational expert was harmless because the vocational expert also testified that being off task 10 percent or more of the time, needing reminders about how to perform essential functions of the job, and a tendency to distract coworkers from performing their essential functions could all lead to termination. AR [11-1] at 79-80. Judge Schneider correctly distinguished *Pavlicek*.

## CONCLUSION

Accordingly, the government's objection [26] is overruled, the Court accepts Judge Schneider's Report and Recommendation [24], the plaintiff's motion for summary judgment is granted and the government's is denied, the decision of the ALJ is reversed, and the case is remanded for proceedings consistent with this opinion.

Date: August 30, 2023      By: _____
                               Iain D. Johnston
                               United States District Judge